**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SERGIO ANTONIO HOOD,

    Petitioner,

v.                                                        Case No: 8:16-cv-1610-T-30TGW
                                                     Crim. Case No: 8:11-cr-453-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER OF DISMISSAL

THIS CAUSE is before the Court on Petitioner Sergio A. Hood's Motion, under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence. (CV Dkt. 1). Petitioner seeks relief in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), defining a violent felony as a crime that "involves conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2563. After reviewing this decision and other relevant law, Petitioner's motion, and the record, the Court concludes that *Johnson* does not entitle Petitioner to any relief and therefore his motion should be dismissed, as explained below.

## BACKGROUND

On August 31, 2011, a multi-count indictment charged Petitioner with the following offenses: Counts I and II and V, knowingly and intentionally distributing a controlled

substance in violation of 18 U.S.C. §§ 841(a)(1) and (b)(1)(C); and Counts III and IV, being a convicted felon knowingly in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1).

On December 12, 2011, the Court accepted Petitioner's plea of guilty to all counts, which Petitioner entered without a plea agreement. (Criminal Case No. 8:11-cr-453-T-30-TGW, CR Dkt. 32).

Petitioner was sentenced on March 14, 2012 in accordance with the United States Sentencing Guidelines. (CR Dkt. 43). Petitioner received a sentence of 94 months' imprisonment on each count, with all terms to run concurrently. This sentence was within the range recommended in the pre-sentence investigative report and included a 4-point base-offense increase because it involved between 8 and 24 firearms. *See* PSR, p. 9; *see also* USSG § 2K2.1(b)(1)(B).

Petitioner later appealed that 4-point increase, and the United States Court of Appeals for the Eleventh Circuit upheld the sentence. (CR Dkt. 57).

**DISCUSSION**

Now Petitioner seeks relief under 28 U.S.C. § 2255, which permits prisoners in custody to collaterally challenge the sentences imposed on them as unconstitutional. Petitioner's motion was filed on June 17, 2016, well outside the one-year period within which to file such a motion, beginning on the day the judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f)(1). Petitioner contends, however, that his motion is timely under § 2255(f)(3), which states that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has

been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The newly recognized right asserted by Petitioner is the Supreme Court's recent decision in *Johnson*, 135 S. Ct. at 2563. There, the Supreme Court concluded that the residual clause of the ACCA, which increases the minimum-required sentence of certain recidivist felons, was unconstitutionally vague. (CV Dkt. 1). And that right was made retroactive by another Supreme Court decision, *Welch v. United States*, 136 S. Ct. 1257 (2016). Petitioner argues that the retroactive *Johnson* holding applies to his sentence and, specifically, makes it unconstitutional.

The Court finds that it does not. In fact, *Johnson* is inapposite, and Petitioner's reliance on it is misplaced. Petitioner was not sentenced as an armed career criminal under the ACCA, 18 U.S.C. § 924(e). He was sentenced under the United States Sentencing Guidelines and not as a career criminal. *Johnson* had no effect on the authorities under which Petitioner was sentenced. *Johnson* does not afford Petitioner any relief from his sentence. Additionally, because that case is inapplicable, Petitioner's motion, filed over a year after his sentence and conviction became final, is untimely.

## CONCLUSION

It is therefore **ORDERED AND ADJUDGED** that:

1. Petitioner Sergio A. Hood's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is DISMISSED.

2. The Clerk is directed to deny all pending motions and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt. 62 in the underlying criminal case, case number 8:11-cr-453-T-30TGW.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
## IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). A district court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). Petitioner has failed to meet this burden.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on this 27th day of July, 2016.

*[signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record